UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAUNCEY VINCENT THOMAS, SR.,

    Plaintiff,

vs.    Case No. 2:11-cv-488-FtM-36SPC

IAN F. MANN, JESUS M. CASAS, CHARLIE GREEN, WILLIAM J. NELSON,

    Defendants.
_____

## ORDER OF DISMISSAL

**I.**

This matter comes before the Court upon review of the file. Plaintiff Chauncey Vincent Thomas, Sr., who is a prisoner, initiated this action by filing a *pro se* Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on August 29, 2011. Plaintiff seeks leave to proceed *in forma pauperis*. *See* Docs. #2, #3.

**II.**

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, courts must

apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it is frivolous or it fails to state a claim upon which relief may be granted. § 1915A(b)(1). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "The PLRA 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Miller*, 541 F.3d at 1100 (citations omitted).

The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler*

*County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949 (citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1937. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

### III.

The Complaint names the following defendants: Ian Mann, Jesus M. Casas, Charlie Green, and The Honorable William J. Nelson. Complaint at 7. According to the Complaint, these Defendants

-3-

apparently participated in the Plaintiff's underlying criminal case. *Id.* at 8-9 (stating "Defense Attorney, Ian Mann, Assistant State Attorney Jesus M. Casas, the Clerk of Circuit Court Charlie Green, and the Honorable Judge, William J. Nelson, did act with corrupt intent, and did conspire to deprive the criminal defendant (case no. 01-003724CRA-WJN) Chauncey V. Thomas, of his right to Due Process of Law, and the Equal Protections of that law defined in both the 6th and 14th Amendments of the United States Constitution.") *Id.*

Specifically, Plaintiff alleges that his speedy trial rights expired on May 2, 2002, but his defense attorney moved for a continuance, without authorization to do so because he had not entered a notice of appearance on the case, *inter alia*. *Id.* at 8. Thus, Plaintiff submits that these Defendants conspired to violate his right to a speedy trial, without his knowledge or consent. *Id.* at 10. As a result, Plaintiff alleges he was convicted of a crime that he is not guilty of committing. *Id.* at 12. Plaintiff seeks "immediate release" from custody and $50,000 in damages for each year he is wrongfully incarcerated, "and to act as a deter[r][e]nt." *Id.* at 13.

**IV.**

To state a claim under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the United States Constitution or a statute of

the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010)(citations omitted). The Court finds Plaintiff's claim does not meet the requirements of § 1983, and must otherwise be dismissed pursuant to § 1915A(b)(1) as to each Defendant.

Defense counsel Ian Mann, the public defender who represented Plaintiff in his underlying state criminal case, is not a "person" "acting under color of state law" for the purposes of § 1983. The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Dillard v. Sec'y, DOC*, 2011 WL 3966102 *2 (11th Cir. 2011)(unpublished)(noting that "a waiver of speedy trial by counsel is binding on defendant, 'even though done without consulting him and even against the clients wishes.'")(citations omitted). Thus, Plaintiff has failed to state a cognizable claim under § 1983 against Defendant Mann.

Likewise, according to the Complaint, Jesus Casas was the prosecutor in Plaintiff's underlying criminal action. Prosecutorial immunity precludes Plaintiff from recovering either compensatory, or punitive damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for

damages under § 1983."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . . .'")(quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). *See also Hart v. Hodges*, 587 F.3d 1288, 1294-96, *cert. denied*, ____ U.S. _____, 230 S. Ct. 3389 (2010) (reviewing breath of prosecutorial immunity).

Plaintiff attributes liability to Judge Nelson, a deceased circuit court judge from the Twentieth Judicial Circuit, as a result of the Judge's decision to grant defense counsel's motion for a continuance. Plaintiff attributes blame on Defendant Charlie Green because he is the clerk of circuit court.

Judges are also absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. *Supreme Court v. Consumers Union of United States*, 446 U.S. 719 (1980); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-357) (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 at 1239 (citing *Stump*, 435 U.S. at 356). Similarly, nonjudicial officials, including clerks of court, are entitled to

absolute immunity for "duties that are integrally related to the judicial process." *Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005). "Absolute quasi-judicial immunity for non-judicial officials is determined by a functional analysis of their actions in relation to the judicial process." *Id.* Here, Plaintiff attributes liability to Defendant Green because he was the Clerk of Court and conspired with the other defendants to waive Plaintiff's right to a speedy trial. Therefore, the Court finds that Defendants Judge Nelson and Green are entitled to absolute judicial and/or quasi-judicial immunity.

To the extent Plaintiff wishes to challenge the fact or duration of his confinement due to what he perceives as constitutional errors committed during his trial, Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. However, Plaintiff must first exhaust his state court remedies with respect to any habeas claim prior to filing a petition in this Court.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint is **DISMISSED** pursuant to §1915A(b)(1) and/or § 1915(e)(2)(b)(ii).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this 28th day of September, 2011.

```
SA: alj
Copies: All Parties of Record
```

Charlene Edwards Honeywell
United States District Judge